**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Karls Sisneros Estate, et al., | No. CV-24-00553-TUC-JCH |
| Plaintiffs, | **ORDER** |
| v. | |
| NEWREZ LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Notice of Removal for Pima County Superior Court Case No. C-20244301. Doc. 1. For the reasons set forth below, the court will deny the request for a Temporary Restraining Order, deny the request for Waiver of Fees, deny as moot Defendants' Motion to Dismiss (Doc. 4), remand this action to Pima County Superior Court, and issue a warning to Plaintiff.

**I.     Temporary Restraining Order**

Plaintiff requests an "immediate Emergency Temporary Restraining Order (TRO) enjoining the defendants from engaging in any further unlawful practices as described in the complaint." Doc. 1 at 5. To qualify for a temporary restraining order, the moving party must demonstrate either (1) a probability of success on the merits and the possibility of irreparable harm, or (2) that the lawsuit raises serious questions and the balance of hardship tips sharply in the movant's favor. *Hoopa Valley Tribe v. Christie*, 812 F.2d 1097, 1102 (9th Cir. 1986). Neither factor is met here. The entirety of the allegations against the defendants are that they "engaged in actions that constitute violations of federal law,"

including "fraudulent misrepresentation and breach of contracts." Doc. 1 at 3. Such vague and conclusory legal statements fall far short of the specificity required for a TRO. *See* Fed. R. Civ. P. 65(b)–(d). Accordingly, the Court will deny Plaintiff's request for a TRO.

## II.     Request for Waiver of Fees

Plaintiff requests that no court fees or costs be imposed on him in connection with this action because he is "a Private Attorney General pursuing a case in the public interest." Doc. 1 at 4. It is not apparent from Plaintiff's filings that this action is brought for *public* good rather than Plaintiff's *personal* benefit. *See Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 405 (1968). Neither did Plaintiff submit "an affidavit that includes a statement of all assets" to support an application to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Thus, the Court will deny Plaintiff's request for Waiver of Fees.

## III.    Remand

A civil action originally brought in state court, but over which a federal court would have original jurisdiction, "may be removed by the *defendant* or the defendants, to the district court . . . for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). As the Court previously[1] informed Plaintiff, only a defendant may remove a case from state court to federal court. The reason for this is simple: it is entirely within a plaintiff's control where he chooses to file a lawsuit. If a plaintiff intends for his case to be heard in federal court, he should file it in federal court at the outset. Plaintiff's ill-advised attempts to work around this simple procedural rule are needlessly plugging up the dockets in state *and* federal court. Because a plaintiff cannot remove his own case, the Court will remand this matter to the Pima County Superior Court.

Prior to the Court screening Plaintiff's Complaint and request to proceed in forma pauperis, Defendants filed a Motion to Dismiss (Doc. 4). Because this case will be remanded, the Court will deny as moot the Motion to Dismiss.

---

[1] *See* Dismissal Order, Doc. 6 at 1, *Christopher Karls Sisneros Estate et al v. Sharpe Opportunity Intermediate Trust et al.*, No. 4:24-CV-00543 (D. Ariz. Feb. 2, 2025).

**IV.    Warning to Plaintiff**

The right to access the courts is a cornerstone of the legal system and individuals must be allowed a fair opportunity to present *legitimate* claims, regardless of how often they litigate. *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982). Additionally, the *in forma pauperis* statute was designed to ensure indigent individuals have equal access to the federal courts. *Id.* (citing 28 U.S.C. § 1915). However, this access is not without limits: regardless of financial status, no one has the right to misuse or exploit the judicial system. *Id.*

A district court is empowered to enjoin litigants who have a history of abusive litigation or who file frivolous lawsuits. *See* 28 U.S.C. § 1651(a). "A District Court not only may, but should, protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." *Safir v. United States Lines, Inc.*, 729 F.2d 19, 24 (2d Cir. 1986). Federal courts possess the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Delong v. Hennesey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (e.g., enjoining litigants from filing new actions under 28 U.S.C. § 1651(a)). Such restrictions are appropriate to further important judicial interests such as preserving the finality of judgments, protecting defendants from unwarranted harassment, or maintaining order on the Court's docket. *See Oliver*, 682 F.2d at 445 (3d Cir. 1982), (citing *Clinton v. United States*, 297 F.2d 899, 901 (9th Cir. 1961)). A persistent pattern of baseless and harassing litigation may warrant an order restricting a litigant from filing additional complaints without prior court approval. *Id.* at 446.

Before imposing such an order, the Court must (1) give the litigant notice and an opportunity to be heard; (2) compile an adequate record; (3) make substantive findings of frivolousness or harassment; and (4) narrowly tailor the order to the specific conduct at issue. *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014).

///

///

Plaintiff is familiar to this Court. Between 2014 and 2023, Plaintiff filed five complaints, which were each dismissed for jurisdictional defects or for failure to state a claim.[2] Since September 27, 2024, Plaintiff has filed at least seven new complaints before this Court.[3] Including this matter, five have now been dismissed. The sixth and seventh cases appear similarly fated. In addition to the complaints in these seven cases, Plaintiff has also filed temporary restraining orders, preliminary injunctions, and various motions,

---

[2] *Nero v. USA*, No. 4:14-CV-02169 (D. Ariz. June 16, 2014) (Court summarily dismissed Plaintiff's 85-page § 2255 motion to collaterally attack restitution order as plainly meritless); *Nero et al. v. Seifert*, No. 4:16-CV-00684 (D. Ariz. Oct. 21, 2016) (Court summarily dismissed Plaintiff's complaint attacking the government's legitimate tax collection activity); *Nero et al. v. Baquet et al.*, No. 4:18-CV-00326 (D. Ariz. July 3, 2018) (Court denied Plaintiff's request for TRO, denied Plaintiff's motion for reconsideration, and dismissed the complaint for failure to state a claim); *Norstar 9 LLC et al. v. Sorays LLC et al.*, No. 4:22-CV-00119 (D. Ariz. Mar. 10, 2022) (Court denied Plaintiff's requests for TRO and preliminary injunction to prevent sale of real property; Court dismissed the complaint for lack of jurisdiction); *Christopher Karls Sisneros Trust v. Capital Fund Reit LLC et al*, No. 4:23-CV-00407 (D. Ariz. Aug. 29, 2023) (Plaintiff alleged defendant intended to wrongfully hold a trustee sale for 13 properties owned by Plaintiff; Court denied Plaintiff's request for TRO and dismissed the complaint for lack of subject matter jurisdiction; Plaintiff filed a new complaint, which the Court struck; the Court then ordered no further filings because the case is closed).

[3] *Nero v. Collins et al.*, No. 4:24-CV-00482 (D. Ariz. Sept. 27, 2024) (Plaintiff, as a "Federal Bounty Hunter," filed an emergency TRO and 94-page complaint alleging breach of bailment contracts, demanding $200 million damages and $4 billion punitive damages; the Court denied the TRO and dismissed the complaint with leave to amend; Plaintiff filed ten additional motions or requests for judicial notice but never filed an amended complaint; the Court directed the Clerk of Court to close the case); *Nero v. Tiffany & Bosco PA et al.*, No. 4:24-CV-00518 (D. Ariz. Oct. 23, 2024) (Plaintiff filed a complaint seeking enforcement of a "$4 billion true bill" secured under Article 9 of the UCC, and a motion for TRO; Plaintiff failed to appear for a hearing to show cause for noncompliance with LRCiv. 3.7(b); the Court dismissed the case for lack of subject matter jurisdiction); *Nero v. Beverly et al.*, No. 4:24-CV-00536 (D. Ariz. Nov. 01, 2024) (Plaintiff filed a complaint alleging private defendants "defaulted" on contracts—the alleged contracts appear to be no more than standard forms used by government contractors; this complaint is currently pending but appears meritless); *Christopher Karls Sisneros Estate et al. v. NEWREZ LLC et al.*, No. 4:24-CV-00543 (D. Ariz. Nov. 13, 2024) (Plaintiff filed a complaint in Pima County Superior Court as a "Notice of Quiet Title," then removed the matter to District Court; the Court remanded the case because a plaintiff cannot remove his own case; Plaintiff then filed a motion to compel the Court to issue summons; the Court denied the motion and ordered the Clerk of Court to accept no new filings in the case); *Nero et al. v. State of Arizona et al.*, No. 4:25-CV-00107 (D. Ariz. March 7, 2025) (Plaintiff filed an emergency motion for TRO and injunctive relief, and "Criminal Complaint" against the State of Arizona for unlawful detention of Vincent Arthur Fabiano Sisneros; the complaint remains pending but appears meritless); *Wilmington Savings Fund Society, FSB v. Nero*, No. 4:25-CV-00151 (D. Ariz. April 2, 2025) (Plaintiff removed the case from Pima County Superior Court and filed an emergency motion to stay state court proceedings, a notice of bankruptcy, and an "Emergency Verified Master Cross-Claim and Enforcement Scroll in Equity"; the Court denied Plaintiff's motions and remanded the matter for lack of subject matter jurisdiction).

directives, and notices.[4] All have been meritless, if not plainly unintelligible. Plaintiff has disregarded court orders, ignored instructions, and continued to file motions even after cases were dismissed.

Frivolous complaints, filings, and motions are a drain on judicial resources and create a burden on the court. The record here reflects the sort of conduct that could justify restricting a litigant's access to the courts. Before imposing such a restriction, the Court provides this warning to Plaintiff. The Court strongly cautions Plaintiff to familiarize himself with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure before making any additional filings. **Failure to follow this Order may result in sanctions and restrictions on Plaintiff's ability to file in the District of Arizona.**

V.   ORDER

Accordingly,

**IT IS ORDERED** Plaintiff's request for a Temporary Restraining order and Plaintiff's request for Waiver of Fees (Doc. 1) is **denied**.

**IT IS FURTHER ORDERED denying as moot** Defendants' Motion to Dismiss (Doc. 4).

**IT IS FURTHER ORDERED remanding** Pima County Case No. C-20244301 to the Pima County Superior Court and **dismissing** this matter.

**IT IS FURTHER ORDERED providing notice** to Plaintiff that continued failure to comply with the Federal Rules of Civil Procedure or the Local Rules of this Court may result in the imposition of sanctions, including but not limited to designation as a vexatious litigant and restricting Plaintiff's ability to initiate future filings in the District of Arizona.

Dated this 9th day of April, 2025.

_____
John C. Hinderaker
United States District Judge

---

[4] As of April 9, 2025, Plaintiff has made at least 22 of these frivolous filings in the last seven months.